## State v. Brown
*[Cite as 8 AOA 452]*

*Case No. 1895*
*Medina County, (9th)*
*Decided November 28, 1990*

*Dean Holman, Prosecuting Attorney, 135 S. Jefferson St., Medina, Ohio 44256, for Plaintiff.*

*L. Ray Jones, P. O. Box 592, Medina, Ohio 44258, for Defendant.*

CIRIGLIANO, J.

On May 9, 1989, defendant-appellee, Henry Brown was arrested for driving under the influence of alcohol and driving an automobile with a suspended license. After the defendant was arrested, handcuffed and seated in a police vehicle, the officer conducted a search of the defendant's automobile. The officer found a wooden box in the glove compartment of the automobile. The box contained a plastic bag with seven sugar cubes. A subsequent lab analysis found the sugar cubes to contain lysergic acid diethylamide (LSD).

Brown was indicted for one count of drug abuse. The trial court conducted a suppression hearing and granted the defendant's motion to suppress the evidence seized in the automobile search conducted at the time of Brown's arrest for driving under the influence of alcohol.

The State appeals the trial court's order granting the motion to suppress, raising one assignment of error. We affirm.

*Assignment of Error*

"The trial court erred in granting defendant's motion to suppress evidence which was seized pursuant to a search incidental to the custodial arrest of the defendant."

Following a suppression hearing, the trial court found that the search of the defendant's car was incidental to a lawful arrest for driving while under the influence of alcohol. However, in determining that the search was not an inventory search or one conducted with the defendant's consent, or other warrantless search exceptions, the trial court distinguished the cause *sub judice* from the case of *New York v. Belton* (1981), 453 U.S. 454. The trial court found that there was no probable cause to justify the opening of the closed containers found in the defendant's automobile interior, unlike the situation in *Belton, supra,* where the officer's detection of marijuana smoke emanating from the automobile constituted probable cause for a search of the defendant's jacket which was found on the rear seat of the vehicle.

The State argues that the trial court improperly granted defendant's suppression motion since a search incident to a custodial arrest, based on probable cause, is a reasonable intrusion under the Fourth and Fourteenth Amendments as found in *New York v. Belton, supra.*

It has been held that in order for a warrantless search of an automobile to be constitutionally justifiable as incident to an arrest, the arrest itself must be valid, *Whiteley v. Warden, Wyoming State Penitentiary* (1971), 401 U.S. 560, 568-69; the search must occur at a place and time which is not remote from the place or time of the arrest, *Cardwell v. Lewis* (1974), 417 U.S. 583; *Preston v. United States* (1964), 376 U.S. 364; and, the extent of the search must be confined to an area within

the arrestee's immediate control, *Chimel v. California* (1969), 395 U.S. 752.

In *Belton, supra,* the court held that when a police officer has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. *Id.* at 460. However, in upholding the search of the defendant's jacket which was inside the passenger compartment, the Court emphasized that the *Belton* decision did not alter the principles of *Chimel, supra,* regarding the basic scope of searches incident to a lawful arrest. *Belton, supra* at 460.

To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must demonstrate the lack of a warrant, and raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge. *Xenia v. Wallace* (1988), 37 Ohio St. 3d 216, 219. Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the grounds on which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof on the issue of whether probable cause existed for the search or seizure. *Id.* at 220.

We find that the trial court correctly determined that there was no probable cause to conduct an extensive search of the car's interior when the defendant had no immediate control over the auto or its contents since he was handcuffed and seated in the police car. Further, there was nothing to arouse the officer's suspicion that a weapon was present or, was there the possibility of the destruction of evidence. As a factual question, probable cause is best determined by the trier of fact who had the opportunity to hear the testimony and observe the witnesses. *Beck v. Ohio* (1964), 379 U.S. 87. We should not substitute our judgment for that of the trial court's when they are in a better position to judge such matters.

Therefore, the assignment of error is overruled and the judgment of the trial court is affirmed.

CACIOPPO, P. J. concurs.

MAHONEY, J. dissents.

MAHONEY, J. dissenting.

I dissent. I believe this case falls within the purview of *New York v. Belton, supra,* and as followed by our Sixth Circuit in *U.S. v. White* (C.A. 6, 1989), 871 F. 2d 41.

Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, Section 6(C), Constitution.