CITY OF TOLEDO, Appellant,

v.

BATESON, Appellee.

[Cite as *Toledo v. Bateson* (1992), 83 Ohio App.3d 195.]

Court of Appeals of Ohio,
Lucas County.

No. L–92–032.

Decided Oct. 23, 1992.

*John T. Madigan,* Chief Prosecutor, for appellant.

*George R. Smith, Jr.,* for appellee.

SHERCK, Judge.

This is an appeal from a suppression order issued by the Toledo Municipal Court which prohibited appellant, city of Toledo, from introducing into evidence testimony concerning the city's inspection of a beauty salon. Because the trial court properly found appellant's inspection violative of appellee's right to be free from unreasonable searches, we affirm the suppression order.

On March 29, 1991, appellee, Rita Bateson, was cited by a city of Toledo Environmental Services inspector for failing to display "no smoking" signs in violation of Toledo Municipal Code 1779.02(c)(2). The inspector had entered appellee's salon without prior notice and demanded that he be allowed to inspect the premises. Appellee responded that, on her attorney's advice, she did not have to permit the inspection. Appellee's protestations were disregarded. The inspector conducted an inspection, left the premises, and later filed a complaint, alleging that appellee had violated the "no smoking" sign ordinance.

Appellee moved to suppress testimony by the inspector as to his observations, for the reason that his inspection constituted an unlawful search.

The trial court found that the inspector failed to give reasonable notice as required by Toledo Municipal Code 1775.02(a) and granted appellee's motion to suppress. From this decision the city of Toledo appeals and offers the following assignments of error:

"I. The trial court erred as a matter of law in finding that the city of Toledo's inspector failed to give reasonable notice to defendant-appellee within the meaning of Toledo Municipal Code 1775.02(a).

"II. The trial court erred as a matter of law in finding that the city of Toledo's inspector failed to give notice because defendant-appellee had no legitimate or reasonable expectation of privacy as a business open to the public and expressly inviting the public onto the premises."

## I

Relevant to appellant's first assignment of error is Toledo Municipal Code 1775.02(a), which states:

"INSPECTIONS:

"The Administrator or other member of the Agency *may enter at any reasonable time, with reasonable notice* into or upon any private or public property, except the Administrative Offices of any person, for the purpose of inspection and investigating any condition or equipment which the Administrator has reasonable cause to believe is causing pollution in violation of this Environmental Services Code." (Emphasis added.)

Appellant acknowledges that reasonable notice was not given to appellee prior to the inspection. However, appellant argues that reasonable notice was not necessary as appellee consented to the inspection. Appellant is correct in asserting that consent is one of the specifically established exceptions to the general rule that warrantless searches are unreasonable *per se*. *State v. Posey* (1988), 40 Ohio St.3d 420, 427, 534 N.E.2d 61, 67. However, the burden falls upon appellant, city of Toledo, to show that the facts and circumstances of this case fall within the judicially recognized exception of consent. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218, 524 N.E.2d 889, 891. In this case, the trial court made a factual finding that appellee did not consent to the search, either expressly or implicitly. The decision of a trier of fact will not be disturbed on appeal on its consideration of the weight of evidence. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Therefore, we find that appellant has not met its burden of showing that this case falls within the consent exception. Accordingly, appellant's first assignment of error is not well taken.

## II

The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution grant persons the right to be free from unreasonable searches. In support of its second assignment of error, appellant

relies heavily on *Willoughby Hills v. C.C. Bars, Inc.* (1984), 18 Ohio Misc.2d 8, 18 OBR 409, 481 N.E.2d 1389, for the proposition that a public place has no expectation of privacy and, therefore, no Fourth Amendment protection. The general proposition that administrative inspections which involve no privacy interests or expectations of privacy are not subject to Fourth Amendment protection is valid. *Katz v. United States* (1967), 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576, 587. What a person knowingly exposes to the public is not a subject of Fourth Amendment protection, but what that person "seeks to preserve as private, even in an area accessible to the public may be constitutionally protected." *Id.* at 351, 88 S.Ct. at 511, 19 L.Ed.2d at 582.

The United States Supreme Court has articulated a two-part test to determine whether a person may justifiably invoke the protection of the Fourth Amendment. First, an individual must exhibit an actual (subjective) expectation of privacy. Next, the inquiry focuses upon whether that person's subjective expectation of privacy, viewed objectively, is justifiable under the circumstances. *Smith v. Maryland* (1979), 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220; see, also, *Oliver v. United States* (1984), 466 U.S. 170, 179, 104 S.Ct. 1735, 1741, 80 L.Ed.2d 214, 224.

In the case at bar appellee's confrontation with the inspector made her subjective expectation of privacy at her shop manifest. Therefore, the first prong of the test is satisfied. With respect to the second prong of the test, the fact that Toledo Municipal Code 1775.02(a) permits entry onto premises for inspection only "with reasonable notice" makes patent the intention of the drafters of the ordinance that appellee is to be afforded a privacy interest for her place of business. The ordinance provides objective verification of the justifiability of appellee's expectation of privacy. Accordingly, appellee had a reasonable expectation of privacy in her public business which could not be infringed upon without reasonable notice. The trial court found that no notice was given. Therefore, the trial court properly found appellant's inspection of appellee's premises violative of appellee's rights under the Fourth Amendment to the Constitution of the United States and Section 14, Article I of the Ohio Constitution. Accordingly, appellant's second assignment of error is not well taken.

*Judgment affirmed.*

GLASSER, P.J., and HANDWORK, J., concur.