CITY OF XENIA, APPELLANT, *v.* WALLACE, APPELLEE.

[Cite as Xenia *v.* Wallace (1988), 37 Ohio St. 3d 216.]

(No. 87-571—Submitted April 12, 1988—Decided June 22, 1988.)

*Mark J. Donatelli,* prosecuting attorney, for appellant.

*Alex V. DeMarco,* for appellee.

H. BROWN, J. The conflict between the appellate courts centers around which party has the burden of going forward with evidence to show probable cause, or lack thereof, for the administration of a breathalyzer test. We hold that the state has the burden of going forward with evidence to show probable cause once the defendant has demonstrated a warrantless search or seizure and has raised lack of probable cause as a ground for attacking the legality of the search or seizure.

I

The burden of initially establishing whether a search or seizure was authorized by a warrant is on the party challenging the legality of the search or seizure. See *United States* v. *De La Fuente* (C.A. 5, 1977), 548 F. 2d 528; *People* v. *Jansen* (Colo. 1986), 713 P. 2d 907, 911; *State* v. *Franklin* (La.

1978), 353 So. 2d 1315. Once a warrantless search is established, the burden of persuasion is on the state to show the validity of the search. *State* v. *Kessler* (1978), 53 Ohio St. 2d 204, 207, 7 O.O. 3d 375, 377, 373 N.E. 2d 1252, 1255.[2] This flows from the presumption that searches conducted outside the judicial process, without prior approval by judge or magistrate, are *"per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions." *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, 454-455; *Katz* v. *United States* (1967), 389 U.S. 347, 357.

However, the prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search.

The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. *State* v. *Johnson* (1974), 16 Ore. App. 560, 567-570, 519 P. 2d 1053, 1057. Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure. *Id.* *United States* v. *Culotta* (C.A. 2, 1969), 413 F. 2d 1343, 1345; *Duddles* v. *United States* (D.C. App. 1979), 399 A. 2d 59, 61-62. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. *State* v. *Carter* (Utah 1985), 707 P. 2d 656; see, also, *United States* v. *Di Stefano* (C.A. 2, 1977), 555 F. 2d 1094; *United States* v. *Arboleda* (C.A. 2,

---

[2] The overwhelming majority of state and federal courts are in agreement on this point. See the cases cited in Hall, Search and Seizure (1982 and 1987 Cum. Supp.) 707, fn. 18, Section 26:28.

1980), 633 F. 2d 985; *United States* v. *Hensel* (C.A. 1, 1983), 699 F. 2d 18, 41; *State* v. *Kremer* (1976), 307 Minn. 309, 239 N.W. 2d 476; *People* v. *Lyles* (1985), 106 Ill. 2d 373, 478 N.E. 2d 291.

Moreover, Crim. R. 47 provides in part:

"An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."

This provision, in the context of the ruling case law and when applied to a motion to suppress evidence obtained by search and seizure, requires that the prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged.

Therefore, we hold that, to suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.

II

Once a defendant establishes a warrantless search or seizure and clarifies the grounds on which its legality is challenged, the issue arises as to which party has the burden of going forward with evidence showing probable cause or lack thereof. "Burden of proof" encompasses two aspects: the burden of going forward with evidence (or burden of production) and the burden of persuasion. *State* v. *Robinson* (1976), 47 Ohio St. 2d 103, 107, 1 O.O. 3d 61, 63, 351 N.E. 2d 88, 91-92. It is the first of these burdens which we address.

The Court of Appeals for Hamilton County, without stating its reasoning, placed the burden of going forward with evidence of whether probable cause existed for a warrantless search on the defendant.[3] See *State* v. *Banks* (Jan. 20, 1980), Hamilton App. No. C-790217, unreported; *State* v. *Halko* (July 16, 1986), Hamilton App. No. C-850656, unreported; *State* v. *Kalejs* (Jan. 8, 1986), Hamilton App. No. C-850272, unreported. The court of appeals below placed the burden on the prosecutor, but likewise failed to state its reasoning.

There are at least three arguments for putting the burden of production on the state on the issue of whether there existed probable cause for a search or seizure: (1) a party charged from the outset with the burden of persuasion with respect to a particular issue ordinarily has the subsidiary burden of going forward with evidence regarding such issue, *State* v. *Rand* (Me. 1981), 430 A. 2d 808, 818; (2) the state has primary access to persons with the relevant information (*i.e.*, the law enforcement officers); and (3) it is less burdensome for a party to produce evidence on the *existence* of probable

---

[3] The court cites *Alderman* v. *United States* (1969), 394 U.S. 165, where the Supreme Court held at 183 that, once an illegal search has been proven, the burden of persuasion as to whether certain evidence was tainted by the search rests with the state, but the burden of going forward with specific evidence of taint was on the defendant. *Alderman* is distinguishable in that it deals with the "fruit of the poison tree doctrine," whereas we are dealing with the legality of the search in the first instance.

cause than the *lack* of probable cause. See, generally, 4 LaFave, Search and Seizure (1987) 227-228, Section 11.2 (b). On the other hand, the reasons for placing the burden of production on the defendant include: (1) the presumption of regularity of the actions of law enforcement officials, see LaFave, *supra,* at 219; (2) the usual requirement that the moving party go forward with evidence in support of his motion, *Fitzgerald* v. *Commonwealth* (1982), 223 Va. 615, 627, 292 S.E. 2d 798, 804; and (3) the need for the prosecutor and the court to be put on notice as to what the defendant is challenging.

We are persuaded that the burden of going forward with evidence of probable cause for a search or seizure should be on the prosecution. Law enforcement searches and seizures without the authority of a warrant are not entitled to a presumption of legality. Such searches are, as previously mentioned, *per se* unreasonable. Further, the theory that the moving party should go forward with evidence, and the need for the prosecutor and court to be put on notice as to what the defendant is challenging, are accounted for in our holding that the movant is required to establish a warrantless search or seizure and specify the grounds of his challenge before the burden of production falls upon the prosecution.

Therefore, we hold that, once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search or seizure.

### III

In the case at bar, the defendant moved to suppress evidence relating to any chemical testing on the grounds that the test was "illegally obtained" and was not performed in accordance with proper procedures.[4] Without more, this motion was insufficient to raise the issue of whether Officer Savage had probable cause to administer a breathalyzer test. The motion does not clarify whether the illegality is due to violation of the Fourth Amendment, another constitutional provision, or some unnamed statute or rule of common law. Assuming a search or seizure problem, there is no indication of whether a warrant authorized the search or seizure. Assuming a warrantless search, there is no indication of whether the illegality is due to lack of exigent circumstances justifying a warrantless search, lack of a reasonable basis to stop Wallace for speeding, or lack of probable cause to administer the breathalyzer test, all of which would render the test results inadmissible. Further, the defendant did not file a memorandum in support of his motion as required by Crim. R. 47.

---

[4] The motion stated:

"Now comes the Defendant, LAMAR EUGENE WALLACE, through counsel, and moves the Court for an Order excluding from consideration in the above-captioned matter:

"Any evidence the City will present relating to any chemical test on the grounds that said test does not conform to the laws in that it was illegally obtained.

"Defendant further moves that said test be excluded from consideration in the above-captioned matter on the grounds that the test that is alleged to have been administered to the Defendant was not performed according to the procedures prescribed by the State of Ohio."

However, the prosecutor did not object to the defendant's motion and the court allowed the parties to proceed. Defense counsel's questions to the officers established that there was no warrant authorizing the test. Though defense counsel's questions to the officers can be interpreted as going to the issue of whether they had a reasonable basis for stopping and arresting the defendant *for speeding,* defense counsel did, on the record, state that his questioning of the officers was intended to show that Wallace was not driving in a manner which indicated he might be intoxicated and, therefore, that there was no probable cause to have Wallace submit to a breath test. Defense counsel cited authority to support his argument and offered to provide the prosecution with copies of the cited cases. Therefore, we find that the defendant met the requirement that he place the prosecution on notice as to the grounds upon which he challenged the administration of the breathalyzer test.

The prosecutor waived argument, did not present evidence, and declined the court's offer of additional time in which to respond. Therefore, we find that the state failed to meet its burden of proof on the issue of whether there was probable cause to administer that test.

Accordingly, we affirm the judgment of the court of appeals and remand this cause to the trial court for such further proceedings as are consistent with this opinion.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER and WRIGHT, JJ., concur.

HOLMES and DOUGLAS, JJ., dissent.