THE STATE OF OHIO, APPELLANT, *v.* MILES ET AL., APPELLEES.

(No. 54531—Decided November 10, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Michael J. Russo,* for appellant.

*Paul Mancino,* for appellees Thomas Miles and Alexander Darroch.

*Hyman Friedman,* public defender, and *John C. Myers,* for appellee Robert Basen.

MARKUS, J. The state appeals from an order suppressing the victim's identification of the defendants as the offenders. The trial court reasonably concluded that unduly suggestive procedures induced the victim to identify them, so we affirm the disputed order.

I

The grand jury indicted the three defendants for aggravated robbery and felonious assault. Prior to trial the defendants moved to suppress the victim's identification testimony. They asserted that the state denied them due process by unfairly persuading the victim to identify them as the culprits. Five witnesses testified at the court's evidentiary hearing on that motion: the victim, a detective, and the three defendants.

The victim testified that he and a friend were patrons of a bar when three strangers attacked and robbed him in the bathroom. He heard a gunshot behind him, and one or more men struck him with their fists as he turned around. Although the blows dazed him,

he saw two men standing close behind him and a third man holding a gun. The assault occurred in a short interval, though he was in the bathroom for about three minutes.

He stated that a friend took him home, called the police, and called an ambulance to transport him to a nearby hospital emergency room. Apparently other bar patrons gave him the nicknames of the offenders, while he was at the hospital. His wife told him the police reported that they had arrested three people. The victim then went to the police station, where he described the three offenders and repeated those nicknames to an officer. He said they were three white males, each with a · beard and mustache, and two with long hair. He recalled their physical size and the clothing that two of them wore. The next morning the police asked him to identify suspects.

The detective in charge of lineups showed him two suspects at Cleveland Police Headquarters, without showing him anyone else. The detective testified that they were the only two white males with beards in the city jail. He made no inquiry about possible lineup participants in the adjoining county jail. The victim testified that after viewing those two men for several minutes he identified them by their clothing as his attackers.

The detective then drove the victim to the Lakewood Police Headquarters, where that city held a third suspect on an unrelated charge. According to the victim, the detective told him to look through a small window "to pick out the third man." There was only one person in that room, and the victim identified him as the third offender.

The three defendants testified that they had no part in the alleged offenses. They each denied the detective's statement that they orally "consented" to these identification procedures. The two defendants who had been in the Cleveland jail said that the police arrested them on the preceding night for disorderly conduct and fingerprinted them. They asserted that they had no lawyer when the victim reportedly identified them. The third defendant who had been in the Lakewood jail said the police there had arrested him for an unrelated charge. He also stated that he had no lawyer when the victim came to the Lakewood jail.

## II

The state's single assigned error challenges the order which granted the defendants' motion to suppress the victim's identification testimony. When a defendant asserts facts which would justify a suppression order, the state must show that it obtained the challenged evidence properly. Cf. *Xenia* v. *Wallace* (1988), 37 Ohio St. 3d 216, 220, 524 N.E. 2d 889, 893 (suppression of physical evidence). The state has the burden of proving by a preponderance of the evidence that it did not obtain identification testimony by using unduly suggestive identification procedures. *Id.*

The evidence does not demonstrate that the state formally charged any of these defendants with this offense before the identification procedures occurred. Hence, contrary to the defendants' argument, the state had no duty to provide them with counsel to validate the challenged procedures. Cf. *State* v. *Stricklen* (1980), 63 Ohio St. 2d 47, 49, 17 O.O. 3d 29, 30, 406 N.E. 2d 1110, 1111; *State* v. *Sheardon* (1972), 31 Ohio St. 2d 20, 60 O.O. 2d 11, 285 N.E. 2d 335, paragraph one of the syllabus.

On the other hand, sufficient evidence supports the trial court's factual finding that the procedures were unduly suggestive and likely to produce an irreparable misidentification. Cf.

*State* v. *Merrill* (1984), 22 Ohio App. 3d 119, 122-123, 22 OBR 320, 323-324, 489 N.E. 2d 1057, 1061-1062; *State* v. *Caldwell* (1984), 19 Ohio App. 3d 104, 106, 19 OBR 191, 193, 483 N.E. 2d 187, 190. The court applied the *Biggers* factors to make its determination. *Neil* v. *Biggers* (1972), 409 U.S. 188, 199; *Stovall* v. *Denno* (1967), 388 U.S. 293, 301-302.

Facts which support the reliability of the identifications include (a) the victim's opportunity to observe the offenders in a small illuminated room though he saw them less than a minute while he was admittedly stunned and dazed, (b) his ability to describe some of their characteristics shortly thereafter, though he said that every patron in the bar that evening had a beard and mustache, and (c) the lapse of only fourteen hours before the police asked him to identify them.

On the other hand, the police asked the victim to identify the offenders when these suspects were the only persons present. The state did not adequately show why the police lacked time or sufficient opportunity to employ less suggestive methods. Cf. *Stovall* v. *Denno, supra.* They did not use a photographic array, or attempt to use anyone from the county jail or elsewhere to permit a less restricted choice. Those procedures were unnecessarily suggestive. Cf. *State* v. *Caldwell, supra.*

After some delay, the victim accepted the apparent representation that the first two were involved, from their *clothing* rather than their personal features. He likewise accepted the police request to "pick out" the third offender from a room with only one occupant.

"[R]eliability is the linchpin in determining the admissibility of identification testimony * * *." *Manson* v. *Brathwaite* (1977), 432 U.S. 98, 114; *State* v. *Moody* (1978), 55 Ohio St. 2d 64, 67, 9 O.O. 3d 71, 73, 377 N.E. 2d 1008, 1010. As the trial judge noted, the victim himself demonstrated the unreliability of his identification. He testified that he believed he later saw one of the defendants on the street when that man was unquestionably incarcerated. While individual members of this panel might have reached a different conclusion, we cannot say that the trial judge lacked an evidentiary basis for his conclusion.

Therefore, we overrule the state's sole assigned error and affirm the contested order.

*Judgment affirmed.*

ANN MCMANAMON, P.J., and NAHRA, J., concur.