OPINION
Defendant Jennifer McCormick appeals a judgment of the Municipal Court of Coshocton, Ohio, convicting and sentencing her for driving under the influence of alcohol in violation of R.C. 4511.19
(A) (1). Appellant originally pled not guilty, but changed her plea to no contest after the court overruled her motion to suppress evidence gathered at her arrest. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS, WHERE THE LAW ENFORCEMENT OFFICER HAD NO REASONABLE AND ARTICULABLE SUSPICION TO STOP THE DEFENDANT'S CAR FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL.
At the hearing on the motion to suppress, the State presented the testimony of Sergeant Tim Rogers, a deputy sheriff with the Coshocton County Sheriff's Office, and the arresting officer in this case. Sergeant Rogers testified on October 18, 1998, just before 8:00 p.m., he received a dispatch identifying a possible DUI leaving the area of Warsaw driving a white Lumina. Sergeant Rogers learned it was a female driver with a small child in a car seat, possibly headed to the area of Cambridge. Sergeant Rogers testified no license plate number was given, and he did not believe the dispatcher informed him of the suspect's name on the radio. Sergeant Rogers proceeded to Route 36, and positioned his cruiser to illuminate any vehicle that came down Route 36. It was raining very hard. When Sergeant Rogers saw a white Lumina with a child in a car seat, he pulled out behind the vehicle and ran its license plate number. When it came back, the dispatcher informed the officer it was the suspect's car, and the officer testified he believed the dispatcher also confirmed the driver's name. Sergeant Rogers followed the suspect to observe her driving ability. The officer testified he followed the appellant for two to two and one-half miles, and never observed any driving infraction. Appellant's license check came back valid with no prior violations or suspensions. Nevertheless, Sergeant Rogers decided to make a traffic stop because of the child in the car. The officer activated his lights and siren, and appellant continued down the road for approximately .2 of a mile. Appellant pulled over at a gas station and pulled up to the pump. The officer testified he did not know whether appellant pulled over in response to his siren and lights, or because she wanted to purchase gasoline. When Sergeant Rogers approached appellant, he smelled a strong odor of alcohol about her person, and did a field sobriety test. The State also called Deanna Good, appellant's sister-in-law. Ms. Good testified on the day in question, she observed appellant driving her car with her two-year old child, behaving in a manner which led Ms. Good to believe she was drunk. Ms. Good testified she called the Sheriff's Department because of her fear for the child. On cross-examination, Ms. Good conceded she did not actually see appellant consuming alcohol. The record is silent as to whether the arresting officer received any information from the dispatcher indicating Ms. Good's name or phone number. Appellant urges the trial court erred as a matter of law in refusing to suppress the evidence of the arresting officer, because he lacked any reasonable and articulable suspicion to stop her car. In Beck v. Ohio (1964), 379 U.S. 89, the United States Supreme Court held where an accused challenges the constitutional validity of an investigative stop, the court must determine whether the facts available to the officer at the time of arrest would warrant a man of reasonable caution to conclude an offense had been committed. Appellant urges that at the time officer decided to stop her vehicle, he did not have sufficient facts available to him to permit him to constitutionally stop her vehicle. In Illinois v. Gates (1983), 462 U.S. 213, the Supreme Court discussed anonymous tips. The Supreme Court directed reviewing courts to use a totality of circumstances approach, weighing such factors as the informant's veracity and reliability, and the basis of the knowledge the informant claims. A reviewing court must determine what inferences an experienced officer might draw from the underlying facts, see United States v. Cortez (1981),449 U.S. 411. Ohio uses the totality of circumstances test, see State v. Freeman (1980), 64 Ohio St.2d 291. Once the defendant has challenged the stop, the State bears the burden of proving the stop was supported by reasonable suspicion, see Xenia v. Wallace (1988), 37 Ohio St.3d 216. Appellant argues the information which the officer received from the dispatcher contained no indicia of reliability. The State did not demonstrate the officer knew who had made the call. The officer was able to corroborate the description of the vehicle, the presence of the child, and appellant's name. None of these facts, however, are indicative of any illegal activity. The caller reported appellant had been drinking, and that was the only indication of wrongdoing. It was also the only fact the officer was unable to verify independently. We find where the officer can only corroborate neutral details, the officer lacks reasonable suspicion for an investigatory stop, see, e.g. State v. Ramsey (September 20, 1990), Franklin Appellate Nos. 89AP-1298 and 1299, unreported. The State suggests even if we find Sergeant Rogers did not have reasonable suspicion sufficient to stop appellant when he turned on his siren and lights, the fact appellant did not immediately pull over gives the officer reasonable suspicion she was under the influence, or in violation of some other law. The record does not support this argument. The officer testified appellant proceeded for approximately .2 of a mile, then pulled into a gas station in the area near the pump. The officer was unable to state whether the appellant had pulled into the gas station in response to his siren and lights, or whether she was unaware of the officer, or ignoring the officer, or just getting gas. The officer conceded given the weather and traffic conditions, it might have been reasonable for appellant to not pull over immediately when the officer first activated his lights and siren. The States bears the burden of demonstrating that the officer had reasonable and articulable suspicion the person seized was engaged in criminal activity, at the time the officer made the decision to effect the traffic stop. Here, the officer admittedly observed no traffic violations or criminal activity, and thus was unable to corroborate the allegation of criminal activity stated in the anonymous tip. As such, the only reliable facts the officer had were neutral facts, insufficient to give rise to reasonable, articulable suspicion. The assignment of error is sustained.
For the foregoing reasons, the judgment of the Municipal Court of Coshocton County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Edwards, J., concur