[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee, the state of Ohio, appeals the judgment of the Hamilton County Municipal Court, suppressing evidence in a prosecution for resisting arrest pursuant to R.C. 2921.33. For the following reasons, we affirm the trial court's judgment.
Defendant-appellee, Marion Phillips, filed a motion to suppress, with an accompanying memorandum, asking the court to suppress all evidence obtained in conjunction with a traffic stop. The motion was set for a hearing on October 2, 2000, at 9:00 a.m. On the date of the hearing, the arresting officer was not present at the appointed time, and the trial court granted the motion.
In a single assignment of error, the state argues that the trial court erred in granting the motion to suppress. Specifically, the state argues that Phillips had the burden of going forward and that the absence of the arresting officer was an improper basis for granting the motion. We disagree.
Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is the lack of probable cause, the prosecutor bears the burden of proof, including the burden of production, on the issue of whether probable cause existed.[1] In the instant case, Phillips, through his motion and accompanying memorandum, demonstrated that a warrantless search had occurred and clarified that the basis for the motion was a lack of probable cause.[2] The burden of proof then shifted to the prosecution on the issue of whether probable cause existed. It is evident from the transcript of proceedings that the state was unable to meet its burden without the testimony of the arresting officer.[3] Accordingly, we find no error in the granting of the motion, and we overrule the state's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.
[2] The motion and memorandum indicated that the challenged evidence arose from the detention of Phillips for a minor traffic violation. No warrant for the seizure appears in the record, and the state did not inform the trial court that there was a warrant. Thus, the trial court could have properly concluded that no warrant existed for the seizure.
[3] The state did not offer to call any other witnesses or otherwise indicate to the court that it was ready to proceed with the hearing.