OPINION
Plaintiff State of Ohio appeals the judgment of the Municipal Court of Fairfield County, Ohio, which dismissed the charge of driving under the influence of alcohol the State had brought against appellee/cross-appellant Debra Rader. The State assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT, BY FINDING THAT THERE WAS NO PROBABLE CAUSE TO ARREST APPELLEE FOR DRIVING UNDER THE INFLUENCE.
 THE TRIAL COURT ERRED BY FINDING THAT THE HGN TEST WAS NOT ADMINISTERED IN STRICT COMPLIANCE WITH STANDARDIZED PROCEDURES.
Cross-appellant assigns two errors to the trial court's judgment upholding the administrative license suspension:
 THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE TO REQUEST A BLOOD ALCOHOL TEST, THEREBY UPHOLDING APPELLEE'S ADMINISTRATIVE LICENSE SUSPENSION.
 THE TRIAL COURT ERRED IN NOT LIMITING THE EVIDENCE ADMITTED AT THE ADMINISTRATIVE LICENSE APPEAL TO THAT CONTAINED ON THE FACE OF THE BMV FORM 2255.
At the hearing on the motion to suppress evidence gathered at the arrest, the State presented the testimony of Trooper Jeffrey Burroughs, the arresting officer. Trooper Burroughs testified he was patrolling Milnor Road in Fairfield County, Ohio, on the night of June 5, 2000. At approximately 2:00 a.m., Trooper Burroughs observed a white jeep coming towards him on Milnor Road. The trooper noticed the jeep did not have a front license plate, so he turned his cruiser to follow the white jeep. As he followed the jeep, the trooper notice there was no rear license plate light, and he was unable to read the license plate number. The officer attempted to stop the vehicle, but the driver continued on "a couple hundred feet", eventually turning into a private driveway. The trooper approached the jeep and explained the reason for the stop. The officer asked the driver, whom he later identified as appellee Debra Rader, for her driver's license, registration, and proof of insurance. The officer testified while he was speaking with Rader he could smell an odor of alcohol coming from the vehicle or her person. Rader denied having any alcohol to drink. The officer then performed a HGN test on her as she sat in her vehicle. The officer testified the HSN test gave him four clues out of a possible six clues that Rader was intoxicated.
The officer testified Rader was becoming more angry as the conversation progressed. Rader indicated she did not have her driver's license, registration, or proof insurance with her, but because she was at her home she would go get it. The officer told her no, asking instead for her Social Security number. Rader refused to give it, and told the officer she was going to pull her car into her garage and go get her husband.
At this point, Burroughs informed the appellant she should stop her vehicle or he would arrest her. Rader stopped the vehicle, but did not wish to get out of the vehicle unless she was allowed to go inside the house and get her husband.
Eventually, Rader got out car and refused field sobriety tests. Rader attempted to go into her home through the garage, but when the trooper prevented her from doing so she began to scream for her husband's help. Rader attempted to get away from the trooper and there was some tussle until Rader's husband came out of the house. At that point, the officer placed Rader under arrest for DUI and resisting arrest. The officer testified besides the strong odor of alcohol he detected, Rader's eyes were glossy. The officer testified from his experience in law enforcement he also believed her mood swings and overall characteristics could be indications of impairment.
On cross examination, the trooper admitted he performed the HGN test on Rader while she was seated in the vehicle although he was trained to perform the test outside of the vehicle. The officer also admitted he observed no driving infractions during the time he followed Rader's vehicle, although she weaved within her lane.
The trial court found Trooper Burroughs did not perform the HGN test properly, and concluded this evidence should be suppressed. The court found that the remainder of the indicia the officer observed did not give the officer probable cause to arrest Rader, and the court dismissed the driving under influence charge against her. However, the court also found Trooper Burroughs had described sufficient grounds to request Rader to submit to a breathalyser test, and thus, the court sustained the administrative license suspension.
We will address the State's appeal first.
 I
The State challenges the court's ruling there was no probable cause to arrest Rader for the offense of driving under the influence of alcohol. The court cited the recent decision of the Ohio Supreme Court of Statev. Homan (2000), 89 Ohio St.3d 421. In Homan, the Ohio Supreme Court reviewed field sobriety tests, including the walk and turn test and HGN test, which were not properly administered. The Supreme Court found if a field sobriety test is not administered in strict compliance with standardized procedures, then the tests cannot form the basis for probable cause to arrest. However, the Supreme Court held the totality of the facts and circumstances surrounding the incident can support a finding of probable cause to arrest even if there are no field sobriety tests administered, or where the test results must be excluded because of lack of strict compliance, Homan at 427 citations deleted.
In Homan, the surrounding facts and circumstances included erratic driving, red and glassy eyes, the smell of alcohol, and an admission of drinking alcoholic beverages.
Here, Trooper Burroughs testified there was an odor of alcohol, glossy eyes, uncooperative behavior, mood swings, weaving within the lane of traffic, failure to pull over when the trooper attempted to make the stop, and attempting to put the car in gear and driving into the garage instead of getting out of the vehicle. As Rader points out, she was under no obligation to perform the field sobriety tests, and she did in fact pull over very shortly after the trooper attempted the stop, having only proceeded a short distance to her own driveway. Rader also points out the arresting officer does not claim she staggered, slurred her speech or showed impaired motor coordination.
In reviewing a trial court's ruling on a motion to suppress, this court should accept the findings of fact made by the trial court, but must independently review the findings of fact to determine whether, as a matter of law, the facts meet the appropriate legal standard, State v.Harris (1994), 98 Ohio App.3d 543. The prosecution bears the burden of proof on the issue of whether probable cause existed, see Xenia v.Wallace (1988), 37 Ohio St.3d 216.
We have reviewed the record, and we find, pursuant to Homen, supra, the officer articulated sufficient facts and circumstances to give rise to probable cause to arrest Rader for driving under the influence.
The first assignment of error is sustained.
 II
In its second assignment of error, the State urges the trial court erred in finding the HGN test was improperly administered. The State concedes the National Highway Traffic Safety Administration's manual indicates the test should be given outside the vehicle in an area that is well lighted, suited for standing and walking, and safe from traffic hazards. The State, urges, however, this does not mean a HGN test must never be administered inside the vehicle.
In response, Rader cites to Trooper Burrough's testimony that he did not perform the HGN test as he had been trained to do.
Again, Homen is instructive. In Homen, the officer who administered the HGN test testified he did not comply with the recommended procedures. The Supreme Court noted there is a small margin of error in the field sobriety tests, and thus, strict compliance in administering them is critical. The Homen court noted a departure from the prescribed administration may seem trivial, but in fact may render the results of the test unreliable.
Mindful of the above strictures, we find the trial court correctly found the evidence cast sufficient doubt on the results of the HGN test to require suppression.
The second assignment of error is overruled.
Turning now to the cross-appeal, we must review the court's findings with regard to the administrative license suspension.
 I
R.C. 4511.191 provides that any person arrested for operating a vehicle while under the influence of alcohol shall be deemed to have given consent to a chemical test or tests on the person's blood.
Bureau of Motor Vehicles Form 2255 requires the officer set forth reasonable grounds to believe the person operated a vehicle while under the influence of alcohol.
Radar urges because the court found there was no probable cause to arrest her for driving under the influence of alcohol, this means the officer also did not have reasonable grounds to believe she had operated her vehicle under the influence. Rader suggests reasonable grounds to request a blood sample under the implied consent statute is analogous to the issue of probable cause to arrest for driving under the influence.
In response, the State urges us to apply the Homen, supra, test of totality of circumstances to this case.
We find the trial court was correct in determining the officer had reasonable grounds to believe Rader had been driving under the influence of alcohol, and thus, requested her to submit to a chemical test.
The first cross-assignment of error is overruled.
 II
Finally, Rader urges the trial court should have limited the evidence admitted at the Administrative License suspension appeal to BMV Form 2255, the affidavit the officer must complete which sets forth the reasonable grounds to request a chemical test. The trial court had found the evidence on the form did not show reasonable grounds, but the officer's testimony in the hearing on the motion to suppress had described sufficient grounds for the trooper to request Rader submit to a breathalyser test. The court specifically found ALS probable cause is not limited to face of the BMV form, but can include supplemental testimony from the arresting officer, Judgment entry of October 25, 2000.
In the recent case of State v. Tigner (June 9, 1999), Licking Appellate No. 98CA139, unreported, this court found the trial court may rely upon additional information besides the BMV form in determining whether there were reasonable grounds to request a chemical test.
The second cross-assignment of error is overruled.
For the foregoing reasons, the judgment the Municipal Court of Fairfield County, Ohio, is reversed in part and sustained in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split equally between the parties.
Gwin, P.J.
Farmer, J., and Hoffman, J., concur.