JOURNAL ENTRY and OPINION
Defendant-appellant Ross Davis appeals from his conviction for drug possession. He argues that the trial court erred in denying his motion to suppress; his conviction was not supported by sufficient evidence; and the prosecutor engaged in misconduct. We find no merit to the appeal and affirm.
Davis was indicted on one count of drug possession for possession of a Schedule II drug, PCP. After his motion to suppress was denied, the case was tried to a jury. The evidence at trial revealed the following:
On October 17, 2000 at approximately 11:40 p.m., Officers Rodriguez and Dunst responded to a radio broadcast that in the area of Miles and East 128th, a black male was selling drugs out of a yellow van with Pennsylvania temporary tags. When the officers arrived at Miles Avenue, the van was gone, but they located it several blocks away, parked in front of 12901 Hoy, which was also Davis' address.
As the officers approached, Davis exited the van, leaving the driver's side door open. He was speaking on a cell phone and walking towards the back of the van. The officers stopped him and conducted a pat down search for weapons. The officers requested that he terminate his phone call, but he refused and continued talking on the phone intermittently while the officers questioned him.
Officer Rodriguez explained the reason for the stop. Davis responded that it was not his van and that he was simply moving the van. He also denied that he was selling drugs. The officers then requested permission to search the van. Davis responded that since it was not his van, but his girlfriend's, he could not give them permission. A computer check of the license plate indicated that the van belonged to Angela Barnett. Davis told the officers that his girlfriend was on the cell phone at that moment. Officer Dunst spoke to an unidentified female who refused permission to search the van.
Officer Rodriguez then walked over to the open driver's side door and looked inside with his flashlight. As he approached, he smelled the distinct odor of PCP. The officer observed a discolored cigarette in the console area between the two front seats. The cigarette was confiscated and Davis was arrested.
The jury found him guilty, and the trial court sentenced him to nine months incarceration and suspended his driver's license for nine months.
Davis raises three assignments of error on appeal.
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED IN VIOLATION OF HIS RIGHT TO BE FREE OF UNREASONABLE SEARCHES AND SEIZURES AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION FOURTEEN OF THE OHIO CONSTITUTION.
Davis argues that the basis of the radio broadcast was an anonymous tip, which lacked sufficient indicia of reliability to provide a reasonable suspicion to make a Terry stop as required by Florida v. J.L. (2000), 529 U.S. 266.
The United States Supreme Court in Florida v. J.L. (2000), 529 U.S. 266, held that an investigatory stop based on reasonable suspicion requires that an anonymous tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person, i.e. must predict future movements of the alleged criminal or give insight on how the caller came to have the inside information.
We find the case before us is distinguishable from Florida v. J.L. because, in the instant case, there is no evidence regarding the origin of the radio broadcast. Defense counsel even concedes this point in his closing argument. (TR. 354). Since defense counsel never questioned or developed testimony regarding how dispatch received the tip, we do not know whether the radio broadcast was based on an anonymous caller providing a tip, or a reliable informant, citizens' "watch" group, or a caller providing identification. Defense counsel was obviously not concerned with the origin of the tip in arguing his motion to suppress. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. City of Xenia v.Wallace (1988), 37 Ohio St.3d 216, 218.
Due to the absence of any evidence developed at the motion hearing to support this argument, the first assignment of error is overruled.
 II. TRIAL COURT ERRED IN DENYING APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION FOR DRUG POSSESSION.
Davis argues that there was insufficient evidence that he possessed the contraband.
A review of the transcript reveals that Davis did not have the cigarette on his person, therefore, the State had to present evidence that he constructively possessed the PCP cigarette.
Constructive possession is established when the accused is able to exercise dominion or control over the contraband. State v. Worley
(1976), 46 Ohio St.2d 316, 322. Furthermore, "readily usable drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession." State v.Scalf (1998), 126 Ohio App.3d 614, 620.
In the present case, Davis was the only person in the van. He exited through the driver's door. The cigarette was found in the console area between the driver's seat and front passenger seat. Therefore, he had been sitting next to the cigarette. The cigarette was still damp with the PCP and the van had a strong odor of PCP.
Based on these facts, the State presented sufficient evidence that he constructively possessed the cigarette. The second assignment of error is therefore overruled.
 III. THE STATE'S CLOSING ARGUMENT UNFAIRLY COMMENTED UPON MR. DAVIS'S CONSTITUTIONAL RIGHT TO REFUSE TO GIVE THE POLICE CONSENT TO SEARCH HIS VEHICLE.
Davis argues that the prosecutor engaged in misconduct by commenting during closing arguments that Davis refused to allow the police to search the van.
A prosecuting attorney's conduct during trial does not constitute grounds for error unless the conduct deprives the defendant of a fair trial. State v. Keenan (1993), 66 Ohio St.3d 402 -405; State v. Gest
(1995), 108 Ohio App.3d 248, 257. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982),455 U.S. 209. The effect of the prosecutor's misconduct must be considered in light of the whole trial. State v. Durr (1991),58 Ohio St.3d 86, 94; State v. Maurer (1984), 15 Ohio App.3d 239, 266.
Defense counsel stated in closing argument that Davis did not act out of the ordinary. That is, he did not run away, he did not have any drugs on his person, and "when asked, `Can we search?' he said, `No, it's not mine to search.'" (TR. 367). In response, the prosecutor argued that Davis' refusal to allow the search was out of the ordinary and indicated guilt. The prosecutor's remark was therefore made to rebut defense counsel's comment that his refusal was ordinary conduct.
Even if the comment was inappropriate, we do not find that it was so prejudicial as to taint the entire trial. Sufficient evidence was presented that he was in the van by himself, the PCP cigarette was found in the vicinity of the driver's seat, and a strong odor of PCP was emanating from the van.
The third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and ANNE L. KILBANE, J. CONCUR.