DECISION.
{¶ 1} Defendant-appellant Mariellen Finn, having been convicted of two drug offenses, contests the denial of her motion to suppress. On October 11, 2001, Finn was a passenger in an automobile that was stopped in Reading, Ohio. Police called to the scene after the initial stop searched Finn and found drug paraphernalia and drugs.
 {¶ 2} At the suppression hearing, Finn argued that the state had not met its burden of proving that the initial stop of the vehicle was constitutional. The trial court agreed that the stop required a reasonable, articulable suspicion of criminal activity, but stated that because Finn was not the driver, she did not have standing to raise that issue. The state presented no testimony concerning the initial stop of the vehicle, but offered testimony only from the officers who were later called to the scene, and who searched Finn. After her motion to suppress was denied, Finn pleaded no contest to possession of cocaine and aggravated possession of drugs, both violations of R.C. 2925.11(A), and was sentenced to three years of community-control sanctions.
 {¶ 3} In her appeal, Finn continues to assert that the motion to suppress was improperly denied because the state had not met its burden to show that the initial stop of the vehicle was reasonable. The state now concedes that a passenger does have standing to challenge the stop of a vehicle, and that, therefore, the evidence presented at the hearing below was inadequate to support the court's specific ruling.
 {¶ 4} In State v. Carter,[1] the Ohio Supreme Court stated, "If either the stopping of a car or the passenger's removal from it is unreasonable in a Fourth Amendment sense, then surely the passenger has standing to object to those constitutional violations and to have suppressed any evidence found in the car which is their fruit. * * * Both passengers and the driver have standing regarding the legality of a stopping because when the vehicle is stopped, they are equally seized, and their freedom of movement is equally affected."[2]
 {¶ 5} Neither party disputes that because the stop and search occurred without a warrant, the burden was on the state to prove that they were constitutional.[3] Because no evidence was presented at the suppression hearing concerning the initial stop of the vehicle, the state did not meet its burden to prove that the stop was constitutional. Therefore, we sustain Finn's assignment of error, reverse her conviction, and remand the case for the entry of an order granting Finn's suppression motion.
Judgment reversed and cause remanded.
Sundermann, P.J., and Winkler, J., concur.
[1] 69 Ohio St.3d 57, 63, 1994-Ohio-343, 630 N.E.2d 355.
[2] Id.
[3] See Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.