OPINION
{¶ 1} In a prior appeal, State v. Brocious (Sept. 5, 2003), Clark App. No. 2002-Ohio-89, we affirmed the trial court's order granting Defendant's Crim.R. 12(C)(1) motion to dismiss the charges against him for a defect in the institution of the prosecution. We agreed with the trial court that institution of Defendant's prosecution for Aggravated Menacing and Misconduct at an Emergency were tainted by the prosecutor's reliance on an immunized statement for which Defendant, a police officer, had been granted "use immunity." Id.
{¶ 2} Our holding in the prior appeal relied on the rule ofKastigar v. United States (1972), 406 U.S. 441, 92 S.Ct. 1653,32 L.Ed.2d 212, which was followed in State v. Conrad (1990),50 Ohio St.3d 1, that "when a witness claims his immunized testimony was used: (1) the government must deny any use of the accused's own immunized testimony against him in a criminal case; and (2) the government must affirmatively prove that all of the evidence to be used at trial is derived from sources wholly independent of (the) immunized testimony." Id., at p. 4. We emphasized, as those cases did, that when the state fails to meet its burden the charges must be dismissed. State v. Brocious.
{¶ 3} The same charges were subsequently refiled against Defendant in Clark County Municipal Court Case No. 03CRB5994. At his arraignment, Defendant's attorney moved to again dismiss the charges, arguing that our prior holding barred refiling. The State contended that no such bar was imposed by the prior holding. The State also contended that the prior taint, which resulted from the fact that the decision to file or approve the prior charges was informed by the prosecutor's knowledge of Defendant's immunized statement, did not apply to the refiled charges, which were alleged in a criminal complaint approved by a new prosecutor who was unaware of the Defendant's statement. However, no evidence of that matter was offered.
{¶ 4} After taking the matter under advisement, the trial court granted Defendant's motion and dismissed the refiled charges. The State filed a timely notice of appeal.
{¶ 5} Assignment of Error
{¶ 6} "The trial court erred when it granted defendant's motion to dismiss Clark County Municipal Court Case 03CRB05994."
{¶ 7} In the prior appeal, we held that on the record before it the trial court did not err in dismissing the criminal complaint against Defendant. That record contained evidence demonstrating that the prosecutor who approved the complaint was aware of the immunized statement. Therefore, and because Kastigar andConrad prohibit any use, dismissal was required.
{¶ 8} Neither Kastigar, Conrad, nor our decision in the prior appeal, hold that charges which are dismissed pursuant to Crim.R. 12(C)(1) for improper use of an immunized statement cannot be refiled. Indeed, Crim.R. 12(J), which concerns bail and custody issues, plainly contemplates "the filing of a new indictment, information, or complaint" when charges are dismissed pursuant to Crim.R. 12(C)(1). Therefore, the trial court erred when it held that the refiled charges necessarily must be dismissed because the prior charges were.
{¶ 9} The issue of whether refiled charges are likewise subject to the same defect that resulted in the prior dismissal requires the accused to make a motion that puts the court and the prosecutor on notice of the alleged defect. Xenia v. Wallace
(1988), 37 Ohio St.3d 216. When the defect alleged concerns use of an immunized statement in deciding to file or approve criminal charges, the state must then (1) deny any such use, and (2) affirmatively show that the decision was made wholly independent of the immunized statement or other sources derived from it.Kastigar, Conrad. That is a burden of going forward with evidence constituting proof. As the proponent of the motion to dismiss, the ultimate burdens of proof and persuasion are the defendant's.
{¶ 10} Here, Defendant's motion failed to put the court and the State on notice in a way that triggered the State's duty to make those showings. Defendant merely argued that our prior decision required dismissal of the refiled charges. For that reason, perhaps, the court decided the motion without a hearing, holding that the refiling was barred. On remand, and if the Defendant makes a proper motion, the court must conduct a hearing to permit the State to meet the burdens imposed on it by Kastigar andConrad.
{¶ 11} Defendant argues that even if we find that the trial court erred when it dismissed the charges against him, we should affirm the dismissal because a trial on the refiled charges would violate his statutory speedy trial rights. That claim was rejected by the trial court. Defendant took no appeal from that judgment. Therefore, he has failed to preserve the error he assigns. The error alleged may be assigned in a subsequent appeal if Defendant files a timely notice of appeal from the final order or judgment in his criminal proceeding.
{¶ 12} The assignment of error is sustained. The judgment from which the appeal was taken will be reversed and the cause remanded for further proceedings consistent with this opinion.
Brogan, J. and Wolff, J., concur.