OPINION
{¶ 1} Appellant, Joe P. Williams, appeals from the trial court's judgment denying his motion to suppress evidence seized during his arrest. We affirm.
 {¶ 2} On the night of June 14, 2002, appellant was a passenger in a van driven by Charles Williams. Officer Timothy Ladner of the Warren Police Department stopped Charles Williams for making a turn without using his turn signal. The traffic stop happened in an area known for drug activity. Ladner noticed the odor of marijuana as he approached the van. Ladner cited Charles Williams for failure to use his turn signal and for an expired operator's license. Ladner intended to have the van towed and went to the passenger's side to order appellant and another occupant out of the van. When Ladner approached the passenger's side of the van, he noticed the odor of marijuana was more pronounced. When appellant exited the van, the officer noticed appellant smelled of marijuana.
 {¶ 3} Ladner conducted a pat down of appellant's clothes to ensure appellant was not carrying any weapons. During this pat down, Ladner felt a hard object, which Ladner believed to be drugs, in the area of appellant's crotch.
 {¶ 4} David Weber, a narcotics detective, arrived on the scene as back up. As Weber approached, he heard appellant arguing with Ladner. Appellant insisted the object felt by Ladner was appellant's penis. Appellant then offered to let Weber feel the area. Weber did so and concluded appellant had contraband in his pants. Weber retrieved the object from appellant's crotch, which tests later confirmed to be 1.76 grams of crack cocaine, 35 doses of methylenedioxymethamphetamine, and twenty-one sacks of marijuana.
 {¶ 5} Appellant was indicted on the following counts: 1. aggravated possession of drugs, with a cash forfeiture specification, R.C. 2925.11(A) and (C)(1)(b) and2925.42(A)(1)(b), a third degree felony; 2. possession of cocaine, with a cash forfeiture specification, R.C. 2925.11(A) and (C)(4)(b) and 2925.42(A)(1)(b), a fourth degree felony; and 3. trafficking in marijuana, with a cash forfeiture specification, R.C. 2925.03(A)(2) and (C)(3)(a), and2925.42(A)(1)(b), a fifth degree felony.
 {¶ 6} Appellant moved to suppress evidence obtained as a result of his arrest. The trial court denied appellant's motion. Appellant then enter a plea of no contest to the charges and was sentenced to an aggregate term of two years.
 {¶ 7} Appellant appeals from the trial court's judgment denying his motion to suppress raising the following assignment of error: "The trial court erred by denying the appellant's motion to suppress the fruits of an unconstitutional arrest in violation of the Fourth and Fourteenth Amendments of the United States Constitution, and Article I, Sections 14 and 16 of the Constitution of the State of Ohio."
 {¶ 8} When considering an appeal of a ruling on a motion to suppress we review the trial court's findings of fact only for clear error and give due weight to inferences the trial court drew from the facts. We must accept the trial court's factual determinations when they are supported by competent and credible evidence. We determine only whether the findings of fact were against the manifest weight of the evidence. State v. Bokesch,
11th Dist. No. 2001-P-0026, 2002-Ohio-2118, ¶ 12-13. We review the trial court's application of law to those facts de novo and independently determine whether the facts meet the appropriate legal standard. Id.
 {¶ 9} Appellant contends the officers lacked probable cause to support his arrest based solely on feeling suspected drugs in his crotch area. We disagree.
 {¶ 10} Courts have defined probable cause as "facts and circumstances `sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'"State v. Tibbetts (2001), 92 Ohio St.3d 146, 153, quotingGerstein v. Pugh (1975), 420 U.S. 103, 111-112, quoting Beckv. Ohio (1964), 379 U.S. 89, 91. See also, Bokesch, supra (stating probable cause exists if, "at the moment the citation was issued, `the facts and circumstances within the police officer's knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense'", quoting Beck v. Ohio (1964), 379 U.S. 89, 91.).
 {¶ 11} On appeal, appellant argues the trial court erred in failing to suppress physical and tangible evidence seized from his person as a result of his arrest, and statements made following his arrest. Because appellant failed to move the trial court to suppress any statements he made following his arrest, he has waived this argument on appeal. Crim.R. 47; City of Xenia v.Wallace (1988), 37 Ohio St.3d 216, 218-219.
 {¶ 12} In support of his argument that his arrest was improper, appellant contends Ladner improperly frisked him underTerry v. Ohio (1968), 392 U.S. 1, because he did not have reasonable suspicion appellant had a weapon. In State v. Evans
(1993), 67 Ohio St.3d 405, the Ohio Supreme Court stated, "The right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." Id. at 413, citing State v.Williams (1990), 51 Ohio St.3d 58; United States v. Ceballos
(E.D.N.Y. 1989), 719 F.Supp. 119, 126.
 {¶ 13} In the instant case, Ladner testified the traffic stop occurred in an area known for weapons and drug activity. Ladner also testified he smelled the odor of marijuana as he approached the van, that the smell was more pronounced on the passenger's side of the van (where appellant was riding), and he smelled the odor of marijuana on appellant's person when appellant exited the van. These facts provided reasonable suspicion for the officer to conduct a limited Terry pat down.
 {¶ 14} Appellant also argues Weber lacked reasonable suspicion to conduct a Terry pat down. The record shows appellant invited Weber to check the area of his crotch; therefore, appellant cannot argue on appeal that Weber's conduct was constitutionally impermissible.
 {¶ 15} Appellant next contends the officers lacked probable cause to arrest him based on what Ladner and later Weber, felt in appellant's pants. In State v. Vaughn (June 27, 1997), 11th Dist. No. 96-A-0063, 1997 Ohio App. LEXIS 2817, relying onMinnesota v. Dickerson (1993) 508 U.S. 366, we stated:
 {¶ 16} "* * * the Supreme Court analogized the `plain view' doctrine to those cases in which contraband is `plainly felt' and its identity as contraband is `immediately apparent' in a validTerry stop situation. `The `immediately apparent' requirement of the `plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity.' Thus, by analogy, the probable cause standard applies to the immediately apparent requirement in the `plain feel' context. Probable cause exists when `there is a fair probability that contraband or evidence of a crime will be found in a particular place.'
 {¶ 17} In Dickerson, the officer conducting the pat-down search realized that the item was contraband `only after `squeezing, sliding and otherwise manipulating the contents of the defendant's pocket' * * *.' Therefore, the Supreme Court concluded that the officer's `continued exploration' of the suspect's pocket was not authorized under Terry." (Internal citations omitted.) Id. at 10-11.
 {¶ 18} In the instant case, both Ladner and Weber testified it was common for those involved in drug activity to hide contraband in the crotch area of their pants. Officer Ladner testified that, based on his training and experience, he knew the object was drugs when he felt it. This was a reasonable conclusion considering the smell of marijuana surrounding appellant when he exited the car. Weber testified that based on his training and experience he was certain the object was contraband. The record contains no evidence the officers had to manipulate the object in any way to realize it was contraband. We find there was competent and credible evidence to support the trial court's factual finding that it was readily apparent the bulge in appellant's pants was contraband. Therefore, the officers had probable cause to arrest appellant.
 {¶ 19} For the foregoing reasons, appellant's sole assignment of error is without merit and the judgment of the Trumbull County Court of Common Pleas is affirmed.
Ford, P.J., O'Neill, J., concur.