[Cite as *State v. Fisher*, 2017-Ohio-5485.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 2-17-03

    v.

DAVID J. FISHER,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Municipal Court
Trial Court No. 2016 TRC 4021

**Judgment Affirmed**

Date of Decision:  June 26, 2017

APPEARANCES:

    *Craig A. Gottschalk* **for Appellant**

    *Benjamin R. Elder* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Defendant-appellant David J. Fisher ("Fisher") brings this appeal from the judgment of the Auglaize County Municipal Court denying his motion to suppress. Fisher alleges that the trial court should have suppressed the results of his field sobriety tests because the officer lacked reasonable, articulable suspicion of criminal activity and thus the stop was improper. Fisher also alleges that the field sobriety tests were not properly conducted. For the reasons set forth below, the judgment of the trial court is affirmed.

{¶2} On June 10, 2016, Fisher was volunteering in the K.C. Geiger Park watering the grass in the baseball fields and preparing the fields for games. Tr. 66. Patrolman Brian Parker ("Parker") knew people were in the park after hours working on the grounds and indicated that he would tell the next shift and leave the gate open. Tr. 54-57. Parker left the gate open, but forgot to notify the next shift. *Id.* At some point in time, the gate was closed by an unknown party. Tr. 57.

{¶3} Around 1:30 am on June 11, 2016, Officer Melissa Osting ("Osting") drove by the park and saw two sets of headlights in the park. Tr. 3. The gates were closed and she knew the park closed at 11:00 pm. Tr. 4. Osting was unaware that anyone had permission to be in the park. *Id.* Osting decided to stop the vehicles to determine if they were trespassing. Tr. 17. When Osting approached the driver of

one of the vehicles, she detected a strong odor of an alcoholic beverage. Tr. 6. She noted that the eyes of the driver of the vehicle were glassy and bloodshot. *Id.* The driver was identified as Fisher. *Id.* When questioned, Fisher admitted that he had indulged in a couple of drinks. Tr. 7. Fisher then agreed to take the field sobriety tests. *Id.* Osting administered the Horizontal Gaze Nystagmus test ("HGN"), the Walk and Turn test, and the One Leg Stand. Tr. 8. Fisher presented with six out of six clues of impairment on the HGN. Tr. 10. During the Walk and Turn Test, Fisher did not make the steps properly, only took six of the nine requested steps, did not count out loud, stepped off of the imaginary line in front of him, and did not complete the turn correctly. Tr. 12. Fisher took the One Leg Stand test for 30 seconds, but put his foot down four times, raised his arms for balance, and was swaying during the test. Tr. 13. Based upon these indications, Osting arrested Fisher for operating a motor vehicle while impaired. Doc. 1.

{¶4} On July 15, 2016, Fisher filed a motion to suppress the evidence from the stop. Doc. 31. In the motion Fisher alleged that Osting lacked probable cause to arrest him and that the field sobriety tests were not conducted in substantial compliance with the guidelines. *Id.* A hearing was held on the motion on November 3, 2016. Doc. 81. The trial court entered judgment denying the motion to suppress on November 29, 2016. Doc. 58. On January 26, 2017, Fisher changed his plea to one of no contest and was sentenced to community control. Doc. 68. Fisher filed

-3-

his notice of appeal on February 24, 2017. Doc. 75. On appeal, Fisher raises one assignment of error.[1]

> **The trial court incorrectly determined that the stop of [Fisher's] vehicle was legal, and therefore erred in overruling [Fisher's] motion to suppress evidence.**

{¶5} In the assignment of error, Fisher claims that the trial court should have granted the motion to suppress. This claim is based upon the fact that there was no law prohibiting him from being in the park at that time of night, so there was no indication of criminal activity upon which to base the initial traffic stop. "An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact." *State v. Fittro*, 3d Dist. Marion No. 9-14-19, 2015-Ohio-1884, ¶ 11. The general rule in Ohio is that a motion to suppress must make clear the grounds upon which the motion is based so that the State may prepare its case and the trial court will know the grounds of the challenge to rule on the evidentiary issues at the hearing and properly dispose of them. *City of Xenia v. Wallace*, 37 Ohio St.3d 216, 524 N.E.2d 889 (1988). "Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal." *Id*. at 218.

{¶6} The trial court found that the State failed to present any evidence that Fisher was violating a law by being in the park after it closed. Doc. 58 at 2. A

---

[1] A second argument was raised in the brief, but it dealt with probable cause to arrest. The sole assignment of error dealt with the stop of the vehicle. We need not address an argument to which no error was assigned, but will do so briefly in the interest of justice.

review of the record indicates that this finding is correct. However, the trial court also determined that just because there was no actual crime, the officer still had a good faith belief that a crime was possibly being committed which would provide a reasonable suspicion for the stop. *Id*.

{¶7} The U.S. Supreme Court recently addressed this issue in *Heien v. North Carolina*, 574 U.S. ___, 135 S.Ct. 530, 190 L.E.d 475 (2014). In *Heien*, the vehicle was stopped because one of its two brake lights was inoperable and the officer believed that both were required to be working. *Id*. at 534. This belief turned out to be a mistake of law by the officer. *Id*. The U.S. Supreme Court held that all that is required to justify a stop of a vehicle is "a particularized and objective basis for suspecting the particular person stopped of breaking the law." *Id*. at 536 quoting *Navarette v. California*, 572 U.S. ___, 134 S.Ct. 1683, 1687-88, 188 L.Ed.2d 680 (2014). The Court then determined that the question to be addressed is whether that reasonable suspicion can rest on a mistaken understanding of what was legally prohibited. *Id*. The Court held that a reasonable mistake of law can provide reasonable suspicion to justify a stop of a vehicle. *Id*.

{¶8} Here, as discussed above, there was no statute or ordinance prohibiting Fisher from being in the park after hours. Thus, he could not be convicted of criminal trespass for being there. However, Osting testified that the gates were shut and that she saw headlights in the park more than two hours after the posted time for the park to be closed. She had no knowledge of anyone having permission to be

in the park at that time. She believed that whoever was in the park was trespassing because the park was closed. All of the evidence presented at the hearing supports the claim that Osting did not know that anyone was likely to have permissibly been in the park at the time. The trial court concluded that her mistake was reasonable. Based upon the record before it, there was ample evidence to support the finding that the mistake of law was reasonable. Pursuant to the U.S. Supreme Court's holding in *Heien*, the reasonable mistake of law of Osting that anyone in the park after hours was trespassing was sufficient to provide her with a reasonable articulable suspicion to stop Fisher's vehicle. The assignment of error is overruled.

{¶9} While not assigning it as error, Fisher also argues that the police lacked probable cause to arrest him because the officer did not comply with the guidelines when conducting the field sobriety tests. "In determining whether the police had probable cause to arrest an individual for [OVI], we must consider whether, at the moment of arrest, the police had information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Dillehay*, 3d Dist. Shelby No. 17–12–07, 2013–Ohio–327, ¶ 19, quoting *State v. Thompson*, 3d Dist. Union No. 14–04–34, 2005–Ohio–2053, ¶ 18; *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000), superseded by statute on other grounds as stated in *State v. Boczar*, 113 Ohio St.3d 148, 863 N.E.2d 155, 2007–Ohio–1251, ¶ 10. We have previously determined that field sobriety tests are not the only factor to be

considered when evaluating whether an officer had probable cause to arrest a subject for OVI.

> **While field sobriety tests must be administered in [substantial] compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance.**

*State v. Aldridge,* 3d Dist. Marion No. 9-13-54, 2014-Ohio-4537, ¶ 24 quoting *State v. Ferguson*, 3d Dist. Defiance No. 4-01-34, 2002-Ohio-1763.

{¶10} Even if the results of the field sobriety tests showing a likelihood of impairment were not admissible in this case for being performed incorrectly, the remaining evidence still would provide probable cause to arrest for OVI. Osting testified that when she stopped Fisher, his eyes were glassy and bloodshot. When questioned, Fisher admitted to having consumed alcohol. Osting also testified as to Fisher's conduct on the tests, including his lack of balance on both the Walk and Turn Test and the One Leg Stand. Additionally, the trial court had the visual evidence from the video from which the trial judge could independently evaluate Fisher's physical performance. A review of all of the totality of the facts and circumstances in this case shows that there was probable cause for Osting to arrest Fisher on suspicion of OVI. For this reason, this argument would fail.

**{¶11}** Having found no prejudice in the particulars assigned and argued, the judgment of the Auglaize County Municipal Court is affirmed.

***Judgment Affirmed**ns*

**PRESTON, P.J. and ZIMMERMAN, J., concur.**

**/hls**