OPINION
Defendant, Roberto Hernandez, was indicted on one count of possession of a controlled substance, crack cocaine, in violation of R.C. 2925.11
and one count of tampering with evidence in violation of R.C. 2921.12. Defendant filed a motion to suppress, which was overruled by the trial court after a hearing. Defendant subsequently entered a plea of no contest to the possession charge, and the trial court found defendant guilty. Upon request of the prosecution, a nolle prosequi was entered as to the tampering with evidence charge. Thereafter, defendant was sentenced to two years of community control.[1] Defendant has timely appealed, asserting a single assignment of error for review:
 A trial court errs when it overrules a motion to suppress evidence where a police officer fails to read a criminal defendant his Miranda warnings and the officer retrieves illegal contraband from the suspect during a custodial interrogation.
At the suppression hearing, the following facts were adduced. At approximately 3:30 p.m. on July 25, 1999, Officer Kevin R. Tilson, a thirteen-year veteran of the Columbus Police Department, was on patrol in his marked cruiser in an area known to the police for a high volume of illegal drug activity. Officer Tilson, a member of the narcotics bureau for five years, was assigned to a unit that investigated citizen complaints of drug abuse and drug trafficking in the area. As Officer Tilson drove past a known crack house located at 407 Gilbert Street, he observed defendant, an individual he did not recognize as living in the area, walking down the street in front of the house. One of defendant's hands was cupped into a fist at his side; the other was open and swinging freely as he walked. As Officer Tilson passed defendant, he observed defendant place an object from his cupped hand into his mouth.
Over the course of his career as a police officer, Officer Tilson has made more than one thousand drug arrests, including five to ten drug arrests at the Gilbert Street house. In addition, Officer Tilson has observed individuals attempt to hide contraband in their cupped hand or in their mouth. Based upon his experience, Officer Tilson recognized defendant's cupped-hand-to-mouth gesture as a method of concealing contraband.
Officer Tilson circled the block and again encountered defendant as he walked down the street. Officer Tilson stopped, rolled down the window of his police cruiser, and asked defendant to approach the cruiser. Defendant acquiesced. Officer Tilson asked defendant several questions, such as his name, where he lived, if he knew anyone in the area, what his purpose was in the neighborhood and if he had any identification. Based upon defendant's muffled responses to the questions, Officer Tilson determined that defendant had something in his mouth. Accordingly, Officer Tilson asked defendant to open his mouth and stick out his tongue. Defendant complied with the request. Officer Tilson observed what he believed to be two rocks of crack cocaine inside defendant's mouth. Fearing that defendant would swallow the substance, Officer Tilson exited the cruiser, put one hand on defendant's throat and ordered him to spit the substance out of his mouth. When defendant spit the substance out, he attempted to grind it into the ground. Officer Tilson was eventually able to recover the substance, which tested positive for crack cocaine.
Defendant's testimony generally corroborated that of Officer Tilson, with a few exceptions. Defendant testified that as he walked near the intersection of Gilbert and Main Streets, Officer Tilson stopped his cruiser at an angle, blocking defendant's pathway. Defendant further testified that he complied with Officer Tilson's request that he approach the cruiser because he did not believe he was free to walk away. Defendant testified that when Officer Tilson requested that he open his mouth and stick out his tongue, he complied because he did not want Officer Tilson to think he was hiding something.
The standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Klein (1991), 73 Ohio App.3d 486,488. Such a standard of review is appropriate as "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Venham (1994),96 Ohio App.3d 649, 653. An appellate court must accept the trial court's factual findings and the trial court's assessment of witness credibility. Id. Accepting those facts as true, an appellate court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the facts meet the applicable legal standard. State v. Williams (1993), 86 Ohio App.3d 37, 41.
Defendant filed a motion to suppress on the ground that Officer Tilson did not have a reasonable suspicion, based upon specific and articulable facts, demonstrating that criminal behavior had occurred or was imminent, sufficient to conduct an investigatory stop of defendant. At the conclusion of the suppression hearing, the court addressed that argument, setting forth its factual findings, and concluding that, under the totality of the circumstances, Officer Tilson acted reasonably. Defendant argues on appeal that the trial court erred in overruling his motion to suppress on the ground that he was subjected to a "custodial interrogation" which was not preceded by advisement of his rights as required by Miranda v. Arizona (1966), 384 U.S. 436. Specifically, defendant argues that he was "in custody" when Officer Tilson requested that he approach the police cruiser and therefore should have been advised of his Miranda rights before being questioned even as to his name and address.
In Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph one of the syllabus, the Supreme Court of Ohio held:
 To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.
The court further stated that if the defendant fails to raise an issue in a manner sufficient to allow the prosecutor and the court to prepare for the motion hearing, the defendant waives that issue on appeal:
 * * * [T]he prosecutor cannot be expected to anticipate the specific legal and factual grounds upon which the defendant challenges the legality of a warrantless search.
 The prosecutor must know the grounds of the challenge in order to prepare his case, and the court must know the grounds of the challenge in order to rule on evidentiary issues at the hearing and properly dispose of the merits. Therefore, the defendant must make clear the grounds upon which he challenges the submission of evidence pursuant to a warrantless search or seizure. Failure on the part of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. [Citations omitted; id. at 218.]
Because defendant failed to raise in his motion to suppress an issue concerning whether he was the subject of custodial interrogation giving rise to Miranda warnings, the prosecutor and trial court had notice only of defendant's claim that the investigatory stop of defendant was unreasonable. We hold that defendant's failure to raise the custodial interrogation issue either in his motion to suppress, or at the suppression hearing, constituted a waiver of that issue. Furthermore, because defendant has not separately argued in his brief before this court that Officer Tilson acted without a reasonable and articulable suspicion in conducting an investigatory stop of defendant, we do not address that issue. North Coast Cookies, Inc. v. Sweet Temptations, Inc. (1984), 16 Ohio App.3d 342, 343; see, also, App.R. 12(A)(2) and 16(A)(7).
For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.
[1] The trial court's judgment entry erroneously states that defendant entered a guilty plea to the possession charge. As previously noted, the record demonstrates that defendant entered a plea of no contest.